UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Yi Li,

Plaintiff,

v.

Las Vegas Metropolitan Police Department;

Doe 1 (a.k.a. "Beck"), in their individual and official capacities;

Doe 2 (a.k.a. "Ugalde"), in their individual and official capacities;

Defendants.

Case No.: _____

COMPLAINT FOR DAMAGES

JURY TRIAL DEMANDED

Plaintiff Yi Li, appearing pro se, complains and alleges as follows:

# I. INTRODUCTION

1. This case arises out of a systemic pattern of misconduct by the Las Vegas Metropolitan Police Department ("LVMPD"), and specifically the refusal of two LVMPD officers, identified as Officer Beck and Officer Ugalde, to take a crime report from Plaintiff after he complied with LVMPD's own stated procedures for in-person reporting.

2. Plaintiff attempted to report multiple serious incidents, including false imprisonment and an assault with lewd intent by a private security guard. Despite being calm and cooperative, Plaintiff was met with hostility, denial, and an outright refusal to take any report — even after clarifying that the subjects of the report were not officers.

1

3. The officers' refusal to take Plaintiff's report violated his procedural due process rights under the Fourteenth Amendment and constitutes actionable negligence under Nevada's special relationship doctrine, given that Plaintiff relied on direct police instruction to report in person.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, as this action arises under federal civil rights law (42 U.S.C. §1983).

5. Supplemental jurisdiction over state law claims is proper under 28 U.S.C. §1367.

6. Venue is proper in the District of Nevada under 28 U.S.C. §1391 because the events occurred in Clark County, Nevada.

## III. PARTIES

7. Plaintiff Yi Li is a resident of Nevada and a U.S. citizen.

8. Defendant LVMPD is a municipal entity headquartered in Las Vegas, Nevada, and is responsible for the policies, training, supervision, and discipline of its officers.

9. Defendant Doe 1, known as "Beck," was an employee, agent, or officer of LVMPD assigned to the front desk of the relevant area command on June 17, 2025. Their exact title is unknown, but upon information and belief, they were acting under color of state law.

10. Defendant Doe 2, known as "Ugalde," was an employee, agent, or officer of LVMPD assigned to the front desk of the relevant area command on June 17, 2025. Their exact title is unknown, but upon information and belief, they were acting under color of state law.

11. Plaintiff will seek leave to amend this complaint to substitute the true names and

2

capacities of Defendants Doe 1 and Doe 2 once they are ascertained.

## IV. FACTUAL ALLEGATIONS

11. On or about June 17, 2025, at approximately 2:00 p.m., Plaintiff went to an LVMPD area command location to file several criminal reports involving false imprisonment, assault with lewd intent, and battery by a private officer at a commercial location.

12. Prior to arriving, Plaintiff had attempted to report these events through alternate channels and was told the proper procedure was to file in person.

13. Upon arrival and explanation of the circumstances, Officers Beck and Ugalde refused to take the report — first denying jurisdiction, then outright denying that anything reportable had occurred.

14. Plaintiff calmly and clearly explained that the perpetrators were not LVMPD officers and requested a report to be taken for documentation and investigation.

15. Officers Beck and Ugalde refused again and grew combative and argumentative. When Plaintiff requested their badge numbers and stated an intent to file a lawsuit, they again refused to take any report and terminated the interaction.

16. Plaintiff was denied the opportunity to access the justice system, report serious crimes, and begin the investigatory process.

17. As a result, Plaintiff experienced emotional distress, confusion, and fear that those responsible would continue to offend without accountability.

# V. CLAIMS FOR RELIEF

## Count 1: Violation of 42 U.S.C. §1983 — Procedural Due Process (Against All Defendants)

18. Plaintiff realleges all prior paragraphs.

19. Defendants, under color of state law, deprived Plaintiff of a clearly established right to access the justice system, a component of procedural due process under the Fourteenth Amendment.

20. Refusing to take a report after directing Plaintiff to appear in person constitutes an arbitrary and conscience-shocking denial of process.

21. Plaintiff suffered constitutional harm, including emotional distress, fear, and loss of access to remedies.

22. The refusal was deliberate and carried out jointly by two officers who acted in reckless disregard of Plaintiff's rights.

## Count 2: State Law Negligence — Special Relationship Doctrine (Against All Defendants)

23. Plaintiff realleges all prior paragraphs.

24. Under Nevada law, a duty of care may arise when law enforcement instructs a civilian to follow specific directives and the civilian reasonably relies on those instructions.

25. Here, LVMPD instructed Plaintiff to appear in person, creating a special relationship and affirmative duty.

26. Despite this duty, Defendants refused to provide assistance, failed to act, and denied

4

Plaintiff access to official procedures.

27. The refusal was not a discretionary policy judgment, but an individual act of negligence, grossly breaching a duty owed.

28. Plaintiff is entitled to damages for emotional distress and harm proximately caused by this negligence.

## VI. JUSTIFICATION FOR DAMAGES ANCHOR

29. Plaintiff anchors total damages at $3,200,000 based on the severity of the due process violations, emotional harm, and systemic misconduct by LVMPD officers acting in concert.

30. Similar cases have resulted in jury verdicts or settlements in the low to mid-seven figures:

- Hughes v. LVMPD, No. 2:20-cv-00473-JAD-DJA (D. Nev.) — Plaintiff alleged obstruction of complaints by LVMPD; the court allowed Monell claims to proceed. The demand exceeded $3.5 million.

- Anderson v. City of Columbus, 374 F. Supp. 3d 1240 (M.D. Ga. 2019) — Jury awarded $2.5 million for denial of access to justice by police and prosecutors.

- Ketchum v. LVMPD, No. 2:18-cv-01230-RFB-VCF (D. Nev.) — Plaintiffs alleged systemic complaint obstruction; suit sought $4 million and secured injunctive relief.

- Moreno v. City of Bakersfield, 2023 WL 1930081 (E.D. Cal.) — $3+ million awarded for law enforcement's failure to respond to repeated complaints.

31. These cases support Plaintiff's damages anchor as proportional to the misconduct alleged here.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in an amount to be determined at trial, but no less than $250,000;

B. Award punitive damages in an amount appropriate to punish and deter future violations, not less than $2,950,000;

C. Declare that Defendants' conduct violated Plaintiff's rights under the U.S. Constitution and Nevada law;

D. Grant reasonable attorney's fees and costs if Plaintiff later secures representation;

E. Order any further relief deemed just and proper by the Court.

Plaintiff hereby anchors total damages at $3,200,000, encompassing compensatory damages, punitive damages, and any other appropriate relief as determined by a jury.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 24, 2025
Respectfully submitted,


/s/ Yi Li
Yi Li
Plaintiff, Pro Se

6

yl.legal1000@gmail.com

Sunrise Manor, NV