**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Yi Li,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Las Vegas Metropolitan Police Department, *et al.*,<br><br>　　　　　　Defendants. | **Case No.: 2:25-cv-01349-CDS-MDC**<br><br>**ORDER WITHDRAWING REPORT AND RECOMMENDATION (ECF NO. 8), GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 11), and DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE (ECF NO. 1-3)** |

On September 19, 2025, I entered an order (ECF No. 7) ("9/19/25 Order") denying plaintiff's initial *in forma pauperis* application ("IFP"). My 9/19/25 Order directed plaintiff to submit a new long-form IPF application or pay the full filing fee by October 25, 2026 (ECF No. 7).  Plaintiff failed to do either and I issued a Report and Recommendation (ECF No. 8) ("11/19/25 R&R") to dismiss the case. Plaintiff subsequently filed a renewed IFP application and gave a Notice of Change of Address. *ECF Nos. 11*, *12*. Plaintiff also filed an Objection (ECF No. 14) to the 11/19/25 R&R arguing that he filed his renewed IFP application before he received notice of the R&R and that he has not abandoned this case.

Because plaintiff filed a renewed IFP application, substantively complying with my 09/19/25 Order, I **WITHDRAW** my R&R.

For the reasons below, I also **GRANT** plaintiff's renewed IFP application (ECF No. 11) and dismiss plaintiff's complaint (ECF No. 1-3) without prejudice for the reasons below.

//

//

//

//

//

1

**DISCUSSION**

I.    **IFP APPLICATION**

   A.    **Legal Standard**

   Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

   The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. Courts typically do not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that courts can make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-1370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 2:15-cv-1370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

**B.    Plaintiff Now Qualifies For IFP Status**

I denied plaintiff's prior IFP application and ordered him to file a new IFP Long Form application or pay the filing fee if he wanted to proceed in this matter. *ECF Nos. 1*, *8*. Plaintiff's prior IFP application was denied because of discrepancies in reporting his income from the last twelve months. *See ECF No. 8*. Plaintiff's application also was unclear on when he was going to receive unemployment benefits or obtain new employment. *See id*. Plaintiff submitted a revised Long Form application and several supporting declarations. *ECF Nos. 11*, *11-1*, *11-2*, *11-3*. I find that plaintiff has provided sufficiently complete answers and now qualifies for IFP status.

Plaintiff explains that the discrepancies in reporting his income in his prior IFP application comes from his prior employment ending in April 2025 and not having any income from April to August of 2025. *See ECF Nos. 11*, *11-1*, *11-2*. Furthermore, plaintiff notes that he received unemployment benefits for the dates of April 18, 2025 through October 18, 2025, but that he did not

3

receive the benefits until after he filed his prior IFP application and that he is no longer receiving unemployment income. *See ECF Nos. 11, 11-1*.

Furthermore, plaintiff represents that he currently had an average of $2,400 in monthly income in the last twelve months and expects $202 in income for the next month. *ECF No. 11* at 1-2. He explains in one of his supporting declarations that he currently works part time with "highly variable hours[.]" *ECF No. 11-1* at 2. He also has no assets and limited money in his bank accounts. *Id.*; *ECF No. 11* at 2-3. Plaintiff pays $1,230 in monthly expense for rent, utilities, food, clothing, and transportation. *Id.* at 4-5; *see ECF No. 11-2*. He thus uses much or all of his income and remaining bank account funds on his monthly expenses. Altogether, plaintiff's answers throughout the application and his supporting declarations provide further explanation and sufficiently demonstrate that he "is unable to pay such fees or give security therefor" at this time. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff may proceed with this action without paying the filing fee.

## II.    COMPLAINT

### A.    Legal Standard

Upon granting a request to proceed in forma pauperis, I must screen the complaint pursuant to 28 U.S.C. § 1915(e). I will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v.*

*Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted)). If I dismiss a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). At issue is whether plaintiff's complaint states a plausible claim for relief.

**B.    Plaintiff Does Not State A Plausible Claim For Relief At This Time**

Plaintiff brings suit under 42 U.S.C. § 1983 ("Section 1983"). *ECF No. 1-3*. He alleges that defendants violated his Fourteenth Amendment Procedural Due Process rights when they refused to take a police report when plaintiff wanted to report that he was "imprison[ed], assault[ed] with lewd intent, and batter[ed] by a private officer[.]" *Id.* Foremost, plaintiff cannot sue municipal defendant Las Vegas Metropolitan Police Department ("Las Vegas Metro") for the actions of its employees. A municipality may be liable under § 1983 only if the municipality itself caused the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). To state a claim against Las Vegas Metro, plaintiff must thus allege that his alleged constitutional deprivation was caused by a "policy or custom" attributable to Las Vegas Metro. *Moore v. Metro Police Dep't*, No. 2:24-cv-01684-JAD-BNW, 2025 WL 1368634, at *2 (D. Nev. April 3, 2025), report and recommendation adopted sub nom. *Moore v. METRO Police Dep't*, No. 2:24-cv-01684-JAD-BNW, 2025 WL 1233224 (D. Nev. April 28, 2025). It is not sufficient for plaintiff to allege that Las

Vegas Metro is generally "responsible for the policies, training, supervision, and discipline of its officers." *ECF No. 1-3* at 2. "[Existence of a policy] may be inferred from widespread practices or '"evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" *Moore*, 2025 WL 1368634, at *2 (citing *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir.1992)). Here, plaintiff does not allege facts to infer that he suffered a deprivation of rights attributable to Las Vegas Metro's widespread practices that violate the Constitution or lack of action to prevent its employees from repeatedly violating the Constitution.

Furthermore, plaintiff alleging that defendants failed to write and file a police report is not sufficient to state a Section 1983 civil rights claim "unless there was another recognized constitutional right involved." *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *see also Moore*, 2025 WL 1233224 (defendants failing to file a police report does not plausibly allege a Fourteenth Amendment Due Process claim). Plaintiff does not allege that there was another recognized constitutional right involved. Therefore, plaintiff does not plausibly allege a claim under Section 1983 in his complaint at this time.

**C.     Plaintiff's State Law Claim**

Plaintiff also alleges that defendants committed "state law negligence[.]" *ECF No. 1-3* at 4-5. To the extent that plaintiff makes out a state law claim, his claims are barred by jurisdiction. Although supplemental jurisdiction may allow for plaintiff to bring state law claims, plaintiff cannot bring these claims under Section 1983 because his federal claims fail. *See* 28 U.S.C. § 1367 ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction. Therefore, I dismiss plaintiff's state law claims unless a federal claim(s) is allowed to proceed.

//

**D.      Amended Complaint**

I will give plaintiff an opportunity to try to amend his complaint and properly allege claims in accordance with this Order. Plaintiff is reminded to ensure that his amended complaint does not violate Plaintiff is also cautioned that "when a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). In other words, the amended complaint is an entirely new document that completely sets forth the facts and claims for relief.

ACCORDINGLY,

**IT IS ORDERED that:**

1.  The *Report and Recommendation* (ECF No. 8) to dismiss this case is **WITHDRAWN**.

2.  Plaintiff's *Motion/Application to Proceed In Forma Pauperis* (ECF No. 11) is **GRANTED**.

3.  Plaintiff's Complaint (ECF No. 1-3) is **DISMISSED WITHOUT PREJUDICE**.

4.  Plaintiff has until **Friday, April 3, 2026,** to file an amended complaint addressing the issue addressed above. Failure to timely file an amended complaint addressing the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

5.  If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

DATED: February 5, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

7

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.