**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Yi Li,<br><br>                    Plaintiff,<br><br>vs.<br><br>Las Vegas Metropolitan Police Department, *et al.*,<br><br>                    Defendants. | **Case No.: 2:25-cv-01349-CDS-MDC**<br><br>**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITHOUT PREJUDICE (ECF NO. 16)** |

Pending before the Court is *pro se* plaintiff Yi Li's Amended Complaint (ECF No. 16) ("Amended Complaint"). For the reasons stated below, the Court **DISMISSES** plaintiff's Amended Complaint without prejudice and with leave to amend.

<u>**DISCUSSION**</u>

**I.    BACKGROUND**

The Court dismissed without prejudice the prior Complaint (ECF No. 1-3) because plaintiff failed to state a plausible claim for relief. *ECF No. 15*. Plaintiff then filed the Amended Complaint at issue here. *ECF No. 16*.

**II.    AMENDED COMPLAINT**

**A.    Legal Standard**

The Court exercises its discretion to screen the Amended Complaint. *See Yahral v. Fincher*, No. 2:24-cv-02042-CDS-MDC, 2025 WL 2211254 at *1 (D. Nev. August 4, 2025); *see also Harris v. Cnty of Clark*, No. 2:22-cv-00560-RFB-NJK, 2024 WL 4349195 at *1 (D. Nev. September 29, 2024) (stating "district courts repeatedly find that the decision to screen an amended complaint is within the discretion of the Court"); *Matlean v. Dzurenda*, No. 2:19-cv-01498-APG-DJA, 2021 WL 4864285 at *1 (D. Nev.

1

October 19, 2021) (stating that Federal courts screen amended complaints at their discretion).[1] The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Because a complaint must be complete in itself, courts generally do not consider matters outside the pleadings when screening complaints under 28 U.S.C. § 1915A. The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed *pro se* is "to be liberally construed" and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). At issue here is whether plaintiff's Amended Complaint states a plausible claim for relief. "[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002,

---

[1] While these cited cases were in the prisoner context and 28 U.S.C. § 1915 sometimes refers to prisoners, the Ninth Circuit has held that 28 U.S.C. § 1915 screening provisions are not limited to cases initiated by prisoners. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

**B.    Plaintiff Does Not State A Plausible Claim For Relief At This Time**

Plaintiff brings suit under 42 U.S.C. § 1983 ("Section 1983") and state law negligence. *ECF No. 16*. Plaintiff alleges that defendants violated his Fourteenth Amendment Procedural Due Process rights when they refused to take a police report that he was "false[ly] imprison[ed], assault[ed] with lewd intent, and batter[ed] by a private officer." *Id*; *see ECF No. 1-3*. However, he has not addressed the deficiencies outlined in the Court's Order (ECF No. 15) dismissing his prior Complaint.

Foremost, plaintiff cannot sue municipal defendant Las Vegas Metro for the actions of its employees unless the municipality itself caused the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (*citing Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978)). In the Amended Complaint, plaintiff has not alleged facts that infer that Las Vegas Metro caused the violation at issue. The Court previously detailed the standards for plausibly alleging a claim against a municipal defendant. *ECF No. 15* at 5-6.  Here, it is not sufficient for plaintiff to allege that Las Vegas Metro is generally "responsible for the policies, training, supervision, and discipline of its officers" or that he "complied with [Las Vegas Metro's] stated procedures for in-person reporting." *ECF No. 16* at 2.

Furthermore, plaintiff does not address the issue that alleging defendants failed to write and file a police report is not sufficient to state a Section 1983 civil rights claim "unless there was another recognized constitutional right involved." *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *see also Moore*, 2025 WL 1233224 (defendants failing to file a police report does not plausibly allege a Fourteenth Amendment Due Process claim). In the Amended Complaint, plaintiff does not allege that

3

there was another recognized constitutional right involved. Therefore, plaintiff does not plausibly allege a claim under Section 1983.

### C.    Plaintiff's State Law Claim

Plaintiff also alleges that defendants committed "state law negligence[.]" *ECF No. 16* at 5-6. Like with plaintiff's prior Complaint, his state-law claims are barred by jurisdiction. Although supplemental jurisdiction may allow for plaintiff to bring state law claims, plaintiff cannot bring these claims under Section 1983 because his federal claims fail. *See* 28 U.S.C. § 1367 ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."). Therefore, the Court dismisses plaintiff's state law negligence claim.

### D.    Amended Complaint

The Court will give plaintiff one, last opportunity to amend his complaint and properly allege claims in accordance with the Court's Orders. Plaintiff is cautioned that "when a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). In other words, the amended complaint is an entirely new document that completely sets forth the facts and claims for relief.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's Amended Complaint (ECF No. 16) is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff has until **Friday, June 19, 2026,** to file an amended complaint addressing the issue addressed above. Failure to timely file an amended complaint addressing the deficiencies noted in this Order will result in a recommendation for dismissal with prejudice.

4

3.  If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

DATED: May 19, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.