UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Yi Li,

Plaintiff

v.

Las Vegas Metropolitan Police Department, et al.,

Defendant

Case No. 2:25-cv-01349-CDS-MDC

**Order Accepting Magistrate Judge's Report and Recommendation**

[ECF No. 20]

Pro se plaintiff Yi Li commenced this action by filing a complaint along with an application to proceed *in forma pauperis* (IFP). ECF Nos. 1, 1-3. U.S. Magistrate Judge Maximiliano D. Couvillier denied Li's IFP application, without prejudice, instructing him to either file a new IFP application or pay the filing fee by a specific date. *See* Order, ECF No. 7. When Yi failed to do so, Judge Couvillier issued a report and recommendation (R&R) that I dismiss this action. R&R, ECF No. 8. About a month later, Li filed a new IFP application and a notice of change of address. *See* Second IFP app., ECF No. 11; Notice, ECF No. 12. Shortly after, I issued an order sua sponte extending Li's time to respond to the R&R. *See* Order, ECF No. 13.

After Li timely objected, ECF No. 14, Judge Couvillier withdrew his R&R and granted Li's new IFP application, ECF No. 15. Because Li was now proceeding IFP, Judge Couvillier screened Li's complaint. Upon screening, Judge Couvillier dismissed the complaint without prejudice, giving Li leave to amend. *Id.* Li timely filed an amended complaint, but failed to remedy the deficiencies in his complaint, so Judge Couvillier again dismissed the complaint without prejudice and again gave Li leave to amend. *See* Order, ECF No. 17. The deadline to amend passed without Li filing an amended complaint—likely because the R&R was returned as undeliverable. ECF No. 18. Judge Couvillier accordingly ordered Li to provide a notice of change of address. Order, ECF No. 19. When Li failed to do so, Judge Couvillier issued an R&R

that I dismiss this action because Li failed to comply with the court-ordered deadline to amend and failed to update his address. R&R, ECF No. 20.

Li had until October 5, 2026, to file any objections to the R&R. *Id.* at 3 (citing Local Rule IB 3-2 (stating that parties wishing to object to an R&R must file specific written objections with supporting points and authorities within fourteen days)); *see also* 28 U.S.C. § 636(b)(1) (same). Li has neither objected to the R&R nor requested more time to do so. And "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see Thomas v. Arn*, 474 U.S. 140, 150, 153 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Although de novo review is not required, I nonetheless made an independent review of the record to determine whether to adopt the R&R. The record demonstrates that Li failed to amend his complaint by the court-ordered deadline. Moreover, Li's mail was returned as undeliverable on four occasions. ECF Nos. 6, 10, 18, 21. While Li once updated his address, he failed to do so after the R&R was returned as undeliverable despite having been ordered to do so and required to do so by the local rules. *See* ECF No. 19. Given Li's failure to comply with the court's orders, Judge Couvillier considered the dismissal factors[1] discussed in *In re Phenylpropanolamine Products Liability Litigation* and found they weighed in favor of dismissal. ECF No. 20 at 2 (citing 460 F.3d 1217, 1226 (9th Cir. 2006)). I agree. Notably, the factor on whether there is a less drastic sanction weighs in favor of dismissal. Because Li has failed to update his address, issuing another order is not a meaningful alternative. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round-trip tour through the United States mail."). So I agree that no lesser sanctions are available because the court cannot contact Li to communicate or implement any alternative measures.

---

[1] Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Moreover, this action cannot proceed without an operative complaint and a party's failure to comply with a court order constitutes grounds for dismissal under Federal Rule of Civil Procedure 41(b); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("[T]he district court may dismiss an action for failure to comply with any order of the court."). Nor can this litigation proceed without the plaintiff's participation. I therefore adopt the magistrate judge's findings and accept the R&R in full.

**Conclusion**

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 20] is accepted and adopted in its entirety**. This case is dismissed without prejudice.

The Clerk of Court is kindly directed to close this case. There can be no new filings in this case.

Dated: October 19, 2026

__________________________________
Cristina D. Silva
United States District Judge